STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
**February 10, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**SUSAN DUNHAM,**
**Claimant Below, Petitioner**

**vs.)   No. 14-1120** (BOR Appeal No. 2049373)
                    (Claim No. 2013009783)

**MARSHALL COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Susan Dunham, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Marshall County Board of Education, by Lucinda Fluharty, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 3, 2014, in which the Board reversed an April 10, 2014, Order of the Workers' Compensation Office of Judges. The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decision to grant Ms. Dunham a 5% permanent partial disability award for her cervical spine. In its Order, the Office of Judges reversed the claims administrator's February 18, 2013, decision to grant Ms. Dunham a 5% permanent partial disability award for her cervical spine and a 0% permanent partial disability award for her lumbar spine. The Office of Judges granted her an 8% permanent partial disability award for her cervical spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Dunham, a bus driver for Marshall County Board of Education, was rear-ended on October 9, 2012. A report from Reynolds Memorial Hospital stated that Ms. Dunham was seen due to neck, back, and right arm pain after the accident. Diagnostic imaging of her cervical spine

1

did not reveal anything remarkable. Ms. Dunham was discharged in good condition with the diagnosis of muscle spasms. Sushil Sethi, M.D., performed an independent medical evaluation dated December 31, 2012. Dr. Sethi found no loss of motion of the lumbar spine and recommended no whole person impairment for the lumbar spine. He found loss of motion in the cervical spine for which he recommended 5% whole person impairment under the American Medical Association's *Guides o the Revaluation of Permanent Impairment* (4th ed. 1993). Dr. Sethi placed Ms. Dunham in Category II of West Virginia Code of State Rules § 85-20-E. For which he recommended 5% whole person impairment for the cervical spine. Based upon Dr. Sethi's report, the claims administrator granted Ms. Dunham a 5% permanent partial disability award for the cervical spine and 0% permanent partial disability for the lumbar spine on February 18, 2013. Ms. Dunham protested.

Bruce Guberman, M.D., also submitted an independent medical evaluation dated July 11, 2013. Dr. Guberman opined that she had reached her maximum degree of medical improvement. However, he advised that if symptoms progress or persist, then consideration should be given for additional physical therapy to address the thoracic outlet syndrome, and also for a nerve conduction study of her upper extremities. Ms. Dunham indicated that she was in another motor vehicle accident on January 29, 2013. This increased her neck, back and right shoulder pain. She also noted a 2010 motor vehicle accident, which injured her neck and low back. Her pain was resolved. Dr. Guberman found clinical findings supporting the diagnosis of thoracic outlet syndrome. Dr. Guberman recommended 6% whole person impairment for the cervical spine, 8% whole person impairment for the lumbar spine, 4% whole person impairment for the right shoulder strain, and no specific whole person impairment for thoracic outlet syndrome. He recommended a total of 17% whole person impairment. Dr. Guberman also recommended an additional 2% whole person impairment for Ms. Dunham's cervical spine based on Table 75 of the American Medical Association's *Guides*.

Victoria Langa, M.D., also submitted an independent medical evaluation on October 28 2013. Dr. Langa opined that the diagnosis should be cervical sprain and lumbar sprain. Dr. Langa noted a specific right shoulder injury was not documented following the motor vehicle accident of October 9, 2012. She had complaints with regard to her right shoulder after her second motor vehicle accident on January 29, 2013. On February 20, 2014, Dr. Langa submitted an addendum to the October 28, 2013, report. It provided that it was impossible to separate the two motor vehicle accidents of October 9, 2012, and January 29, 2013, which caused essentially identical symptoms. Dr. Langa found 3% whole person impairment due to the loss of motion of the cervical spine. He placed Ms. Dunham in Category II West Virginia Code of State Rules § 85-20-E, and recommended 5% whole person impairment for the cervical spine. He found no loss of motion of the lumbar spine and no ratable impairment.

The Office of Judges determined that Ms. Dunham was entitled to 8% permanent partial disability for the cervical spine. The Office of Judges determined that Dr. Guberman's report was more persuasive than any other report of record on the issue of cervical impairment because he utilized Table 75 of the American Medical Association's *Guides*. The Office of Judges noted that there was medically documented injury, pain, and rigidity with little to no degenerative changes,

which made a Table 75 finding appropriate. The Office of Judges agreed with Dr. Sethi that there was no impairment in the lumbar spine.

The Board of Review agreed with the Office of Judges that Ms. Dunham should not receive any permanent partial disability for the lumbar spine aspect of her compensable injury. The Board of Review found that in relation to the cervical spine impairment, the Office of Judges was clearly wrong in view of the reliable, probative and substantial evidence on the whole record. The Board of Review indicated that three physicians provided impairment ratings. Dr. Sethi found 0% impairment for the lumbar spine and 5% impairment for the cervical spine. Dr. Langa reported that she found 0% impairment for the lumbar spine and 5% for the cervical spine. Dr. Guberman found 8% impairment for the lumbar spine and 6% for the cervical spine. The Board of Review noted that no physician of record found 8% whole person impairment for the cervical spine. The Board of Review concluded that Dr. Guberman's impairment rating of 17% was not reliable. The Board of Review realized that he included a non-compensable component, which was the right shoulder. Dr. Guberman also found lumbar spine impairment when no other physician did. The Board of Review noted that Dr. Langa and Dr. Sethi both followed the American Medical Association's *Guides* and their respective evaluations were consistent. The Board of Review determined that their reports were the most reliable assessments of Ms. Dunham's cervical impairment because they were consistent and followed the American Medical Association's *Guides*. Pursuant to its analysis the Board of Review affirmed the 0% permanent partial disability award for Ms. Dunham's lumbar spine and reinstated the claims administrator's decision to grant Ms. Dunham a 5% permanent partial disability award.

We agree with the Board of Review. The consistent reports of Dr. Langa and Dr. Sethi were reliable, consistent, followed the American Medical Association's *Guides*. Their impairment recommendations were not based on an assessment of non-compensable conditions. Dr. Guberman's report did include an impairment recommendation for a non-compensable condition and was not consistent with the other reports of record. The Board of Review did not err when it reversed the Office of Judges Order and reinstated the claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 10, 2016**

3

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II